The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK OLMSTEAD, | |
| Plaintiff, | No.  C13-05051-BHS |
| v. | DEFENDANT'S ANSWER |
| SECRETARY OF THE NAVY, RAY MABUS, | |
| Defendant. | |

COMES NOW defendant Ray Mabus, Secretary of the Navy, by and through his attorneys, Jenny A. Durkan, United States Attorney for the Western District of Washington, and Marion J. Mittet, Assistant United States Attorney for said District, and hereby answers Plaintiff's Complaint as follows:

**I. PARTIES**

1.1.    Admitted.  Rick Olmstead is an employee of the Puget Sound Naval Shipyard and Intermediate Maintenance Facility, Bremerton, Kitsap County, Washington, and his Official Personnel Folder lists a residence in the State of Washington.

1.2.    Admitted.

## II. JURISDICTION AND VENUE

2.1.    Statement of law (jurisdiction) not requiring an answer.

2.2.    Statement of Law (venue) not requiring an answer.

### III. FACTS

3.1.    Admitted.

3.2.    Denied that Plaintiff worked for the Fleet and Industrial Supply Center (FISC). Plaintiff worked at the Puget Sound Naval Shipyard.

3.3    Denied that Plaintiff worked for the FISC.  Plaintiff worked at the Puget Sound Naval Shipyard.  Denied that Plaintiff was a Pipefitter Supervisor I, Step 5. Plaintiff had periods of being temporarily promoted to work leader (non-supervisory) off and on, but Rick Olmstead was a WG-10 Pipefitter (non-supervisory) at the time of his resignation in January 1992.

3.4.    Denied that Plaintiff worked for the FISC.  Plaintiff returned to work for the Puget Sound Naval Shipyard in March of 2006.

3.5    Denied that Plaintiff lost sick leave.  As to the allegation that Plaintiff was told he could not be rehired back at the Supervisor I, Step 5 position because no record was available to show that he had sufficient experience, without knowing who allegedly told Plaintiff this, Defendant lacks sufficient information to admit or deny what Plaintiff was supposedly told.  However, Defendants states that Plaintiff was rehired as a WG-10 Pipefitter, the highest permanent position he held at the time of his retirement.

3.6.    Denied.  Rick Olmstead was promoted temporarily to foreman, Supervisor 1, effective April 2009.  The temporary promotion was to Step 1, the Step at which the temporary grade change resulted in a pay increase over his current pay, as is the standard practice.

3.7.    Admitted that Plaintiff is employed as a Pipefitter Supervisor I, Series 4204, Grade 10.  The position, however, is temporary.

3.8.    Admitted.

3.9.    Admitted that Plaintiff meets the minimum qualification for promotion to Supervisor II, although he is not a permanent Supervisor I, which would be the normal progression.  Admitted that Plaintiff has veteran's preference for initial hiring, but Plaintiff's veteran status has no bearing on internal promotion.

3.10 .  Admitted that younger employees without veteran's preference have been internally promoted.  Denied, however, that Plaintiff has more seniority in his current term of service or in his supervisory experience.

3.11   Defendant lacks sufficient information to admit or deny.

3.12   Defendant has no way of knowing whether or not Plaintiff made informal complaints to his supervisor and, therefore lacks sufficient information to admit or deny.  However, Defendant would point out that Plaintiff has had the training on how to file an EEO complaint, but, other than the complaint at issue, he has not filed an EEO complaint.

3.13.   Denied.  All official bulletin boards at the Puget Sound Naval Shipyard contain clear information on the filing of an EEO complaint.  Additionally, every employee receives annual "mandatory" training which includes a discussion of the EEO complaint process.

3.14   Without knowing to whom Plaintiff is referring, Defendant lacks sufficient information to admit or deny.  However, every supervisor spoken to this far has denied any such conversation.

3.15   Defendant has no way of knowing what conversations  Plaintiff may or may not have had with employees of the Equal Employment Opportunity Commission ("EEOC") and, therefore, Defendant lacks sufficient information to admit or deny.  Defendant, however, would point out that the Secretary of the Navy has no authority over the EEOC.

3.16   Without knowing to whom Plaintiff is referring, Defendant lacks sufficient information upon which to Admit or Deny.  However, every manager spoken to this far has denied any such conversation.

DEFENDANT'S ANSWER
C13-05051-BHS - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

3.17.   Admitted that Plaintiff applied and was listed on the 5 person best qualified certificate for consideration for promotion to Supervisor II in early 2012.  Admitted that another best qualified candidate was selected, being the highest rated of the five candidates.  Defendant, however, lacks sufficient information upon which to Admit or Deny what Plaintiff was told.

3.18    Denied.  The selected candidate had more years of current continuous service than Plaintiff and had been a permanent Supervisor 1 for years unlike Rick Olmstead who has held temporary supervisory status only.

3.19    3.19.   Lack information upon which to Admit or Deny, adding that the EEO Complaints Manager is a Regional Navy employee, and does not work for the Fleet and Industrial Supply Center Puget Sound.

3.20.   Statement of Law not requiring an Answer.

### IV. CAUSE OF ACTION 1: AGE DISCRIMINATION IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

4.1     Defendant incorporates by reference each and every answer set forth in paragraphs 1.1 through 3.20 above.

4.2     Denied.  Additionally, Defendant would note that Plaintiff was initially hired under Veteran's Preference, but Veteran's Preference has no application for an internal promotion or application with regard to the ADEA.

4.3     Denied.

### V. CAUSE OF ACTION II:  HARASSMENT

5.1     Defendant incorporates by reference each and every answer set forth in paragraphs 1.1 through 4.3 above.

5.2     Without knowing to whom Plaintiff is referring, Defendant lacks sufficient information to admit or deny. However, every manager spoken to had denied making these comments.

5.3     Denied.

DEFENDANT'S ANSWER
C13-05051-BHS - 4

UNITED  STATES  ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## V. RELIEF SOUGHT

Paragraphs 4.1-4.5 set forth Plaintiff's request for relief to which no answer is required.  Defendant, however, denies that Plaintiff is entitled to the relief requested in these  paragraphs, or to any other form of relief in this matter.

Defendant hereby specifically denies each allegation of the complaint not herein before otherwise answered.

Further answering Plaintiff's complaint and as defenses thereto Defendant alleges the following affirmative and other defenses:

### FIRST DEFENSE

The complaint fails in whole or in part to state a claim upon which relief can be granted.

### SECOND DEFENSE

The complaint fails in whole or in part for lack of subject matter jurisdiction.

### THIRD DEFENSE

The complaint fails in whole or in part for failure to exhaust administrative remedies.

### FOURTH DEFENSE

Defendant had legitimate non-discriminatory business reasons for its decisions regarding plaintiff.

### FIFTH DEFENSE

Defendant's actions were justified, reasonable, and made in good faith.

### SIXTH DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused by or contributed to by any negligent or wrongful act or omission of any agent, employee, or representative of the United States.

1

## SEVENTH DEFENSE

2   Plaintiff failed to mitigate his damages, if any.

3

4   The United States hereby reserves the right to plead all other affirmative defenses

5   or any applicable state and federal statutes, which through discovery may become

6   applicable.

7   **WHEREFORE,** the United States respectfully prays for judgment as follows:

8   1. That Plaintiff take nothing by reason of this action;

9   2. That Plaintiff's complaint be dismissed with prejudice;

10   3. That Defendants be granted the costs and disbursements; and

11   4. For such other relief as the court deems just and proper.

12

13   DATED this 29th day of April, 2013.

14

15                                 Respectfully submitted,

15                                 JENNY A. DURKAN
16                                 United States Attorney

17                                  s/Marion J. Mittet
18                                 MARION J. MITTET, WSBA #12758
                                   Assistant United States Attorney
19                                 United States Attorney's Office
                                   700 Stewart Street, Suite 5220
20                                 Seattle, Washington 98101-1271
                                   Phone: 206-553-7970
21                                 Fax:   206-553-4073
                                   E-mail:      jamie.mittet@usdoj.gov
22

23

24

25

26

27

28

DEFENDANT'S ANSWER
C13-05051-BHS - 6

1

## CERTIFICATE OF SERVICE

2      I HEREBY CERTIFY that on April 29, 2013, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF system, which will send notification of

4  such filing to the following CM/ECF participants:

5      Frank Cornelius
       WONG FLEMING
6      2340 - 130th Ave. NE, Ste. D-150
       Bellevue, WA 98005
7      PH:    (425) 869-4040
       FX:    (425) 869-4050
8      EMAIL:       fcornelius@wongfleming.com

9      Diana J. Caley
       WONG FLEMING
10     2340 - 130th Ave. NE, Ste. D-150
       Bellevue, WA 98005
11     PH:    (425) 869-4040
       FX:    (425) 869-4050
12     EMAIL:       dcaley@wongfleming.com

13     DATED this 29th day of April, 2013.

14

15                                    s/ Sharon P. Gore
                                      SHARON P. GORE
16                                    Legal Assistant
                                      United States Attorney's Office
17                                    700 Stewart Street, Suite 5220
                                      Seattle, Washington 98101-1271
                                      PH:    (206) 553-7970
18                                    FX:    (206) 553-4073
                                      E-mail:       sharon.gore@usdoj.gov
19

20

21

22

23

24

25

26

27

28