District Judge Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK OLMTEAD,<br><br>                Plaintiff,<br><br>    v.<br><br>RAY MABUS,<br><br>                Defendant. | CASE NO. 3:13-cv-05051-BHS<br><br>DECLARATION OF<br>RAYMOND RAY HOWARD |

I, RAYMOND R. HOWARD, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge:

1. I am currently employed by the United States Navy, at the Puget Sound Naval Shipyard and Intermediate Maintenance Facility, Bremerton, WA ("Shipyard"). I have been employed at the Shipyard for more than 12 years. My current position is General Foreman (Pipefitter Supervisor II) in the Pipefitter Shop (Shop 56). I have been a supervisor for six years. My date of birth is June 3, 1981. In my current position, Mr. Olmstead to General Foreman Johnny Warren and then to me.

2. The Pipefitter Shop (Shop 56) has a sizable group of Foremen (Supervisor I) and General Foreman (Supervisor II). We commonly have both permanent and temporary supervisors. For example, Mr. Olmstead is currently a temporary supervisor.

3. A temporary promotion is done competitively, extensions are administrative and do not require a new competition. In my experience the order of events to make up a competitive selection for these positions is, basically: (1) announcement of a vacancy, (2) a review of the applicants by a regional personnel office that results

Declaration of RAYMONE R. HOWARD
3:13-cv-05051-BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in a certificate of highly qualified candidates, (3) a rating of those candidates by a group of supervisors (the group is selected informally, mostly depending on who is available), (4) a comparison of the ratings, and (5) a final selection by the proper authority (for example the Nuclear Director for all nuclear qualified positions).

4. Selections for promotion are not uncommon, and I have done ratings as part of the selection process (for all positions) at least eight times. In early February, 2012, I was asked to rate a group of candidates from a highly qualified certificate for a temporary General Foreman (Supervisor II) position. The announcement number for that position is 591330. The rating matrix is provided to each rater. The matrix contained the following list of attributes to rate:

**Safety** (Promotes safe work practices)

**Job Knowledge and Experience** (Process Knowledge, Technical Requirements)

**Leadership Skills** (Decision making, Accomplish work through others, Accepts the Role, Initiative)

**Dependability** (Attendance, Reliability and Knowledge)

**Supports Management Decisions** (Attitude, Ability to Administer Discipline, Policies, Team Player)

**Organizes Self, Others, and Workplace** (Attention to detail, Planning, Productivity, Manages Assignments Effectively)

**Verbal and Written Communication Skills**

**Manage Human Resources** (Training, Physicals, and Travel)

**Flexibility** (Manage Change, Priorities, Shifts and Travel)

**Mentor Skills** (ability to pass along to employees work ethics, training, etc.)

5. The list of candidates to rate included: Robert Brown, Erin Cook, Russ Geier, Marty Boykin, and Rick Olmstead. I rated each candidate based on my own experience with the candidates All of the ratings were my own, I did not discuss or compare ratings with any other rater. The raters do not meet to discuss the candidates, this is meant to be an independent assessment. The raters do not interview the candidates for internal promotions (where all candidates already work for the Shipyard). I chose not to rate Mr. Brown because I had not worked with him and did not feel competent to rate is performance.

Declaration of RAYMONE R. HOWARD
3:13-cv-05051-BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. All of my ratings were honest and related only to the criteria in the rating matrix. I did not consider any other factors. I know each of the candidates well enough to guess their approximate ages, but I did not know any ages specifically. But, age was not a factor in my ratings in any way, not even the person's approximate age.

7. A selection for this temporary promotion was made later in February, 2012, the selected candidate was Erin Cook. I had rated her as my second highest candidate for the promotion. The person I rated as best qualified was Mr. Geier. I rated Ms. Cook one point lower, but I believe both candidates were well qualified.

8. I recall nothing unusual about this rating process, this occasion was the same as the other ratings I have performed. I did not hear any comments related to the candidates ages, or any other improper factors, and I would not have expected to.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of January, 2014.

RAYMOND R. HOWARD

Declaration of RAYMONE R. HOWARD
3:13-cv-05051-BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970