UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICK OLMSTEAD,

                Plaintiff,

v.

RAY MABUS, Secretary of the Navy,

                Defendant.

CASE NO. C13-5051 BHS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendant Ray Maybus's ("Maybus") motion to dismiss and/or for summary judgment (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On January 23, 2014, Plaintiff Rick Olmstead ("Olmstead") filed a complaint against Maybus, in his official capacity as Secretary of the Navy, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and harassment. Dkt. 1.

On January 29, 2014, Maybus filed a motion to dismiss and/or for summary judgment. Dkt. 16. On February 18, 2014, Olmstead responded. Dkt. 25. On February 21, 2014, Maybus replied. Dkt. 27.

## II. FACTUAL BACKGROUND

Olmstead, over the age of 40 during the relevant time period, is currently employed with the Department of Navy as a Temporary Pipefitter Supervisor I, in the nuclear test organization at the Puget Sound Naval Shipyard in Bremerton, Washington. Olmstead declares that, since 2009, he has applied for promotions numerous times, but has never been selected for the positions. Dkt. 25-2, Declaration of Rick Olmstead, ¶¶ 10–24. He asserts that the positions have been given to younger, less experienced workers such as his co-worker Erin Cook. *Id*. ¶¶ 25–26, 34. He also asserts that he has been subjected to two discriminatory age related comments: (1) in 2006, a supervisor told Olmstead that he was passed over for a promotion because Olmstead was "too old" (*id*. ¶¶ 28–29), and (2) in 2012, a manager that could provide "comments" as to Olmstead's eligibility for a promotion told him that "old people are lazy and don't want to do anything" (*id*. ¶¶ 30–31). In April 2014, Olmstead attempted to file a complaint with the with the Equal Employment Opportunity Commission ("EEOC") Office at the Shipyard, but claims he was reprimanded for using the age discriminatory comment, "kids." *Id*. ¶¶ 32–33.

III. DISCUSSION

A. **Motion to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of claims if the court lacks subject matter jurisdiction. Jurisdiction is a threshold issue that should be addressed before considering the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–96 (1998); *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1148 (9th Cir. 2003). If the court finds that it lacks subject matter jurisdiction, then it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It is well settled that prior to filing an employment discrimination lawsuit, a federal employee must properly exhaust his/her administrative remedies in accordance with applicable statutory provisions. *Brown v. General Services Administration*, 425 U.S. 820, 833 (1976); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003); *Leorna v. United States Department of State*, 105 F.3d 548, 550 (9th Cir. 1997). Under the ADEA, employees raising age discrimination claims can file directly in District Court, as long as within 180 days of the alleged discriminatory act or event, at least 30 days notice is given to the actual EEOC. *See* 29 U.S.C. 633a(b)(c) and (d); *Stevens v. Department of Treasury*, 500 U.S. 1, 5–6 (1991). Failure to follow the statute may result in the claim being dismissed for failure to exhaust administrative remedies. *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003).

In this case, Olmstead failed to follow the ADEA on his harassment claim. Olmstead alleges that supervisors made harassing comments toward him in 2009 and 2010, but there is no evidence that he notified the EEOC of his intent to sue in district

court. Olmstead, however, argues that the Court should modify the time period based on equitable tolling or equitable estoppel. Dkt. 25 at 8. Olmstead fails to present evidence that either of these doctrines should be applied to his failure to timely file a complaint. Olmstead's self-serving statements that he was actively discouraged from filing a complaint is undercut by his rendition of the meeting with the EEO counsel where Olmstead used discriminatory terms. Dkt. 25 at 6. Therefore, the Court grants Maybus's motion and dismisses Olmstead's harassment claim.

**B.   Summary Judgment**

Maybus moves for summary judgment on Olmstead's disparate treatment claim under the ADEA. Dkt. 16

**1.   Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists

if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### 2. ADEA

ADEA claims are subjected to the same burden of proof and persuasion as claims under Title VII. *Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 456 (9th Cir. 1995). Once a plaintiff establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. *Id*. If defendant meets his burden, then plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory. *Id*.

1    In this case, Maybus concedes that Olmstead has a *prima facie* case of
2 discrimination, but the parties dispute the second and third parts of the test.  In early
3 2012, Olmstead's younger co-worker, Erin Cook, was selected for a supervisory position
4 instead of Olmstead and three other candidates.  Dkt. 25 at 2.  Maybus explains the hiring
5 decision as follows:

> [Ms.] Cook had been a permanent Foreman for two years as opposed to Mr.
> Olmstead who had only been, on occasion, a temporary Foreman; she had
> served in a temporary capacity as a General Foreman, whereas Mr.
> Olmstead had never done so; she had at least as much recent work
> experience as Mr. Olmstead; and she had graduated from a rigorous four
> year apprenticeship program the purpose of which is to develop "highly
> skilled Craftsmen and future key employees and leaders."  Mr. Olmstead
> actually had been in an apprenticeship program when he started working at
> the Shipyard, but because he failed to meet the scholastic requirements he
> was unable to complete the program.

Dkt. 16 at 13 (citations omitted).  The Court finds that Maybus has articulated legitimate nondiscriminatory reasons for the Olmstead alleged adverse employment decision.

   The burden now shifts to Olmstead to show that Maybus's reasons are merely pretext for another discriminatory reason.  On this issue, Olmstead has failed to submit any evidence besides his own self-serving statements and arguments.  Olmstead declares that he applied for and was denied numerous promotions, that the majority of promotions are given to younger applicants who have completed the apprenticeship program, and that he was subjected to two unrelated, discriminatory comments in 2006 and 2012.  This is not sufficient to create a question of fact on the issue of pretext.  *See Fairbanks v. Wunderman Cato Johnson*, 212 F.3d 528, 529 (9th Cir. 2000) (conclusory allegations, speculation, personal beliefs, and unsupported assertions are insufficient to preclude

1 summary judgment).  Moreover, no reasonable juror could conclude that this evidence,
2 even if true, establishes pretext for discrimination. Therefore, the Court grants Maybus's
3 motion on Olmstead's ADEA claim because Olmstead has failed to submit evidence to
4 create a genuine issue of fact for trial.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Maybus's motion to dismiss and/or for summary judgment (Dkt. 16) is **GRANTED**.

Dated this 10th day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge