UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **RICK OLMSTEAD,** <br><br>         Plaintiff, <br><br> and <br><br> **SECRETARY OF THE NAVY, RAY MABUS,** <br><br>         Defendant. | No. 13-CV-05051 <br><br> **PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES** |

Plaintiff, Rick Olmstead, through his attorneys alleges as follows:

### I.   PARTIES

1.1.   Plaintiff, Rick Olmstead, resides in the State of Washington, and is an employee of Puget Sound Naval Shipyard in Bremerton, Kitsap County, Washington.

1.2   Defendant Ray Mabus is the Secretary of the Navy and is the proper defendant in this action.

### II.   JURISDICTION AND VENUE

2.1   All acts and omissions alleged herein occurred in Kitsap County, Washington. The U.S. District Court of Western Washington has jurisdiction over Plaintiff Rick Olmstead's

federal claim(s) pursuant to 28 U.S.C. §1331.

2.2 Venue is proper in the U.S. District Court of Western Washington because all acts occurred on federal property located in Kitsap County, Western District of Washington.

### III. FACTS

3.1 Plaintiff Rick Olmstead is a veteran of the United States Armed Forces.

3.2 On or about August 24, 1975, Plaintiff Rick Olmstead was hired by Fleet and Industrial Supply Center (FISC) of Bremerton, and continued to work for FISC until 1991.

3.3 At that time in 1991, Plaintiff Rick Olmstead was employed by FISC as a Pipefitter Supervisor I, Step 5.

3.4 In 2006, Plaintiff Rick Olmstead returned to employment with FISC.

3.5 In 2006, when Plaintiff Rick Olmstead returned to employment with FISC, he lost 625 hours of sick leave, and was told that he could not be rehired back at the Supervisor I, Step 5 position because no record was available to show that he had sufficient experience.

3.6 In approximately 2008, Plaintiff Rick Olmstead was promoted to Supervisor I, but at Step 1 instead of Step 5.

3.7 Plaintiff Rick Olmstead is currently employed as a Pipefitter Supervisor I, Series 4204, Grade 10.

3.8 Since approximately 2009, Plaintiff has applied for several permanent and/or advanced vacancies.

3.9 On November 11, 2011, Plaintiff applied to become a Pipefitter Supervisor I but was denied the position.

3.10 On January 26, 2012, Plaintiff applied for two separate vacancies; one for Quality Assurance Specialist and another for Pipefitter Supervisor II. He was denied both positions.

3.11 On or about February 7, 2012, Plaintiff applied for a promotion to Pipefitter

Supervisor II Vacancy ID: 591330 but was denied the position.

3.12   On April 6, 2012, Plaintiff applied to become a Pipefitter Supervisor II but was denied the position.

3.13   On April 28, 2012, Plaintiff applied to become a Pipefitter Supervisor II but was denied the position.

3.14   On June 11, 2012, Plaintiff applied to become a Pipefitter Lead and was denied the position.

3.15   On July 19, 2013, Plaintiff applied to become a Pipefitter Supervisor II and was denied the position.

3.16   On July 22, 2013, Plaintiff applied to become a Combined Trades Supervisor II and was denied the position.

3.17   On July 24, 2013, Plaintiff applied to become a Pipefitter Supervisor I and was denied the position.

3.18   On September 10, 2013, Plaintiff applied to become a Training Instructor and was denied the position.

3.19   On October 24, 2013, Plaintiff applied to become a Pipefitter Supervisor I and was denied the position.

3.20   On November 5, 2013, Plaintiff applied to become a Pipefitter Leader and was denied the position.

3.21   On November 8, 2013, Plaintiff applied for a permanent promotion to Pipefitter Supervisor II.  He was not awarded the promotion and later discovered that the two individuals promoted were less than 40 years of age and had been part of the Apprentice program.

3.22   Finally, on December 10, 2013, I applied to become a Combined Trades Supervisor II I and was denied the position.

3.23   Plaintiff is qualified to receive a promotion to a supervisory position, and he has

veteran's preference for the promotion.

3.24    Despite Plaintiff's years of experience, impeccable employee record and dedication to the job, he continues to be denied these promotions and receives only temporary Supervisory positions which must be renewed at the end of each project.  The result is that a disproportionate number of younger applicants are promoted over older applicants with similar qualifications and more experience.

3.25    In fact, many people promoted over Plaintiff are people that he trained.

3.26    Plaintiff made numerous complaints to his supervisors regarding his lack of promotion, and repeated promotion of others younger than him with less seniority.

3.27    In 2006, Rick Rollins told Plaintiff that he was passed over for a promotion because he was "too old," and "didn't fit in with the new way of doing things." At the time the comment was made, Rick Rollins was a Senior General Foreman who had influence over who was promoted to the exact vacancies Plaintiff had applied for.  Specifically, Rick Rollins was in charge of giving evaluations which were used in determining whether to promote a particular applicant to any given vacancy in Shop 56 and had direct contact with the Shop 56 Superintendent regarding who would receive the available promotions.

3.28    In 2012, Christopher Gal, told Plaintiff that old people are lazy and don't want to do anything.  At the time the comment was made, Christopher Gal was a Zone Manager at NRMD Bangor, Washington. Mr. Gal had direct contact with the Nuclear Director and Superintendent of Shop 56 and could provide comments as to Plaintiff's eligibility for being promoted to the applied vacancies identified above.

3.29    In April 2012, Plaintiff attempted to file a Complaint for age discrimination with the Equal Employment Opportunity Commission Office at the Shipyard.   Plaintiff met with EEO Counselor Gigi Bryant who would not allow him to file a Complaint. She told him that he did not have a claim and that the office would not investigate his complaint.  Instead, she

threatened to reprimand Plaintiff for referring to the younger generation of workers as "kids."

3.30   In addition, Ms. Bryant did not contact Plaintiff within 30 days after the meeting to follow up with him, nor did she provide Plaintiff with *any* paperwork about his rights with regard to seeking relief from age discrimination.

3.31   Since his attempted filing, Defendant has failed to assign Plaintiff overtime in the amounts he was assigned in years passed. Specifically, Plaintiff has assigned $1/10^{th}$ of the overtime work since the filing of the present action as compared to years past.

3.32   On or about April 11, 2012, and pursuant to the FISC Human Resource Manual Appendix 20D, Age Discrimination Complaints, Plaintiff provided Notice of Intent to Sue to the Equal Employment Opportunity Commission, as well as to the EEO Complaints Manager for Fleet and Industrial Supply Center Puget Sound.

3.33   On January 31, 2013, provided his Notice of Intent to Sue regarding his claims for Retaliation to the Equal Employment Opportunity Commission and Counsel for Defendant.

3.34   Plaintiff has satisfied all administrative procedures, and can file this Amended Complaint directly in U.S. District Court.

## IV.   CAUSE OF ACTION I:  RETALIATION IN VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION, RCW 49.60 et seq.

4.1   Plaintiff was engaging in statutorily protected activity, as he was exercising his right to be free from discrimination at his workplace.

4.2   Defendant, through itself and its agents, took adverse employment action against Plaintiff when they withheld assignment of overtime hours after learning that Plaintiff was attempting to resolve the discrimination he was subjected to by filing a complaint for relief.

4.3   After filing the present action in 2013, Plaintiff was assigned $1/10^{th}$ of the number of overtime hours that he has received in 2012.

4.4   Defendant's desire for retaliation against Plaintiff is the sole reason for denying

1  him overtime hours that he had been assigned in years past.

2      4.5    Since filing the present action, Plaintiff has not been selected for promotional
3  advancements he has applied for, despite being more experienced than those receiving the
4  promotions.

5      4.6    Since filing the present action, Plaintiff has not been made a permanent
6  Pipefitter Supervisor I, despite having years of experience working as a temporary Pipefitter
7  Supervisor I.

8      4.7    As a proximate result of defendants' wrongful acts plaintiff suffered damages.

### V. RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1.1    For judgment in such an amount as shall be proven at the time of trial.

1.2    For all damages available pursuant to RCW 49.60 et seq.

1.3    For an award of attorney fees and costs incurred herein.

1.4    For such other and further relief as the court deems just and equitable.

DATED this 27th day of March, 2013.

Wong Fleming

_Diana J. Caley_
Diana Caley, WSBA No. 23413
Attorney for Plaintiff, Rick Olmstead

Plaintiff's Amended Complaint for Damages - 6

Wong Fleming
2340 130th Ave NE, Suite D-150
Bellevue, WA 98005
Tel: 425-869-4040 Fax: 425-869-4050